UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

       Plaintiff,                     CIVIL ACTION No.  12 cv 15062

       v.                                  HON.  Thomas L. Ludington

JOEL I. WILSON, DIVERSIFIED
GROUP PARTNERSHIP MANAGEMENT,
LLC, and AMERICAN REALTY FUNDS
CORPORATION,

       Defendants.
_____/

## AGREED ORDER OF PRELIMINARY INJUNCTION

Plaintiff U.S. Securities and Exchange Commission ("SEC") having filed its complaint in this matter, Defendant Joel I. Wilson ("Wilson") acknowledges receipt of the complaint and admits the personal jurisdiction of the Court over him and over the subject matter thereof, and without admitting or denying the allegations of the complaint, except as to jurisdiction, agrees to the entry of this Agreed Order of Preliminary Injunction ("Order").  Defendant Wilson waives the entry of findings of fact and conclusions of law, as provided by Rule 52 of the Federal Rules of Civil Procedure, and waives any right to appeal from this Order.  The Court having jurisdiction over the parties and the subject matter hereof, and being fully advised in the premises, hereby states:

1

## I.

## PRELIMINARY INJUNCTION

**IT IS HEREBY ORDERED** that until a final adjudication on the merits may be made, **Defendants Wilson** and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, be and hereby are preliminarily enjoined from violating, directly or indirectly, Sections 5(a) and 5(c) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in the interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

**IT IS FURTHER ORDERED** that until a final adjudication on the merits may be made, **Defendants Wilson** and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, be and hereby are preliminarily enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)   to employ any device, scheme, or artifice to defraud;

(b)   to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)   to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

**IT IS FURTHER ORDERED** that until a final adjudication on the merits may be made, **Defendants Wilson** and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, be and hereby are preliminarily enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)   to employ any device, scheme, or artifice to defraud;

  (b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

  **IT IS FURTHER ORDERED** that until a final adjudication on the merits may be made, **Defendant Wilson** and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, be and hereby are preliminarily enjoined from violating, directly or indirectly, Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(1), 80b-6(2) and 80b-6(4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. 275.206(4)-8], while acting as investment advisers within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they are made, not misleading, to any investor or prospective investor in a pooled investment vehicle or otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

  **IT IS FURTHER ORDERED** that until a final adjudication on the merits may be made, **Defendant Wilson** and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, be and hereby are preliminarily enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. §§

78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, by knowingly providing substantial assistance to an issuer that:

(a) fails to file with the Commission such information, documents, or annual, quarterly or periodic reports that the Commission may require or prescribe pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b) files with the Commission any information, document, or report, that contains any untrue statement of a material fact, omits any material information, or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c) fails to add or include, in addition to the information expressly required to be included in a statement or report, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading.

**IT IS FURTHER ORDERED** that until a final adjudication on the merits may be made, **Defendant Wilson** and his agents, servants, employees, attorneys, and all persons in active concert or participation with him, and each of them, be and hereby are preliminarily enjoined from, directly or indirectly controlling any person who violates Section 13(a) of the Exchange Act, 15 U.S.C. §§ 78m(a), and Rules 12b-20, 13a-1, and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13, by:

(a) failing to file with the Commission such information, documents, or annual, quarterly or periodic reports that the Commission may require or prescribe

        pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b)     filing with the Commission any information, document, or report, that contains any untrue statement of a material fact, omits any material information, or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c)     failing to add or include, in addition to the information expressly required to be included in a statement or report, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading

unless Defendant Wilson acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

**IT IS FURTHER ORDERED** that until a final adjudication on the merits may be made, **Defendant Wilson**, and his agents, servants, employees, attorneys, and those persons in active concert or participation with him, and each of them, be and hereby are preliminarily enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by signing personal certifications falsely stating that he has reviewed periodic reports containing financial statements which an issuer filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, based on his knowledge,

(a)     these reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report; and

    (b)    that information contained in these reports fairly present, in all material respects, the financial condition and results of the issuer's operations.

## II.

## SERVICE AND NOTICE

**IT IS FURTHER ORDERED** that service of any notices or other documents required or permitted by this Order may be accomplished by any means, including, but not limited to fax, email, overnight courier, personal delivery, or U.S. mail.

## III.

## PRESERVATION OF RIGHTS AND PRIVILEGES

**IT IS FURTHER ORDERED** that nothing in the Preliminary Injunction Order shall be construed to require that Defendant Wilson abandon or waive any constitutional or other legal privilege which he may have available to him.

## IV.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes, including, but not limited to, enforcement of this Order.


SO ORDERED:

        <u>s/Thomas L. Ludington</u>
                        THOMAS L. LUDINGTON
                        United States District Judge
Dated: January 18, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2013.

                          s/Tracy A. Jacobs
                          TRACY A. JACOBS