UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

U.S. SECURITIES AND
EXCHANGE COMMISSION,

                Plaintiff,

v.                                                    Case Number 12-cv-15062
                                                    Honorable Thomas L. Ludington

JOEL WILSON et al.,

                Defendants.
_____/

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RECEIVER'S MOTION FOR APPOINTMENT OF REAL ESTATE BROKER AND WAIVER OF STATUTORY REQUIREMENTS FOR PRIVATE SALE OF REAL PROPERTY**

Does *shall* mean *may* or *must*? The United States Code provides that before confirming a receiver's private sale of real property "the court *shall* appoint three disinterested persons to appraise such property." 28 U.S.C. § 2001(b) (emphasis added).

Does this mean that the court *must* appoint three appraisers? Or simply that it *may*? Can it appoint just one? The receiver in this case, Mr. Randall Frank, asserts that the latter interpretation is permissible. The U.S. Securities and Exchange Commission, which initiated this case against several defendants and obtained the appointment of Mr. Frank as receiver over Defendants' estate, does not object to this interpretation. And yet.

*Shall* mean *may*? How can this be "when every lawyer knows that it denotes a mandatory action?" Bryan Garner, *Dictionary of Modern Legal Usage* 952 (3d ed. 2011). Or at least it is supposed to. *See generally* Antonin Scalia & Bryan Garner, *Reading Law: The Interpretation of Legal Texts* 114 (2012) (observing that "when the word *shall* can be reasonably read as mandatory, it ought to be so read").

The short answer is that yes, *shall* may indeed mean *may*, but not in § 2001(b). To elaborate, notwithstanding popular legal wisdom, *shall* isn't always a mandatory *must*. Sometimes it's a permissive *may*. *E.g.*, Fed. R. Civ. P. 16(e) (amended 2007); *see generally Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 434 n.9 (1995) ("Though 'shall' generally means 'must,' legal writers sometimes use, or misuse, 'shall' to mean 'should,' 'will,' or even 'may.'"). But not in § 2001(b).

Illustrating the use (or misuse) of the permissive *shall* is the former Federal Rule of Civil Procedure 16. Before restyling in 2007, the rule provided: "The order following a final pretrial conference *shall* be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e) (emphasis added) (amended 2007). What the rule means, of course, is that a court *may* modify the order, not that the court *must* do so. And this is precisely what the current rule provides: "The court *may* modify the order issued after a final pretrial conference only to prevent manifest injustice." Fed. R. Civ. P. 16(e) (emphasis added).

The *shall* of § 2001(b), in contrast, is unambiguously mandatory. "Before confirmation of any private sale, the court *shall* appoint three disinterested persons to appraise such property." 28 U.S.C. § 2001(b) (emphasis added). The subject, the court, is required to take a specific action. Before confirming a sale, appoint three disinterested persons as appraisers. Not none. Not one. Not two. Three.

Context reinforces the conclusion. Section § 2001, as noted, governs the sale of real property; section 2004, the sale of personal property. "Any personalty sold under any order or decree of any court of the United States," that section provides, "shall be sold in accordance with section 2001 of this title, *unless the court orders otherwise*." 28 U.S.C. § 2004 (emphasis

added). Thus, for the sale of personal property a court may require that the sale comply with the strictures of § 2001, but a court may also make an exception.[1] It may order otherwise.

In enacting § 2001(b), however, Congress did not confer similar discretion on the court. The court shall appoint three appraisers — no ordering otherwise. No discretion, period. Consequently, before authorizing the private sale of real property held by Mr. Frank, three disinterested persons must be appointed as appraisers. One will not suffice.

In reaching this decision, the Court is fully conscious of the costs that this will impose on the estate and, more importantly, those who will ultimately bear those costs. Increasing the costs of administering the estate harms the estate's creditors, the very people that § 2001(b) was presumably drafted to protect. Congress, however, has elected to draw a bright line in § 2001(b). Three appraisers for real property, no exceptions, regardless of the size of the estate. Thus, while even a single obscure Winslow Homer painting may be more valuable than the priciest parcel in this estate's real property portfolio, Congress has decreed that three appraisals are required for each parcel regardless of its value. And while as a matter of policy this Court may wish to create exceptions for situations such as this, the Court is not free to disregard the plain meaning of the statute.

The word *shall* in § 2001(b) unambiguously means *must*, and so this Court interprets the word just so. Before confirmation of any private sale, a court must appoint three disinterested persons to appraise the property. One will not do. Mr. Frank's request to have the Court order otherwise than in accordance with § 2001(b) will be denied.

In Mr. Frank's motion, he also requests authorization to employ Century 21-Signature Realty as his real estate broker. That request will be granted.

---

[1] Another permissive *shall* is contained within § 2004, but it is permissive only because of the dependent clause "unless the court orders otherwise."

-4-

Accordingly, it is **ORDERED** that the Receiver's motion (ECF No. 60) is **GRANTED IN PART AND DENIED IN PART**.

The Receiver's request that the requirements of § 2001 be waived is **DENIED**. The Receiver's request that Century 21-Signature Realty be appointed as real estate broker is **GRANTED**.

                                             s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge

Dated: March 28, 2013

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 28, 2013.

                                     s/Tracy A. Jacobs
                                     TRACY A. JACOBS