UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,                  CIVIL ACTION No. 12 cv 15062

        v.                               HON.  Thomas L. Ludington

JOEL I. WILSON, DIVERSIFIED
GROUP PARTNERSHIP
MANAGEMENT, LLC, and AMERICAN
REALTY FUNDS CORPORATION,

        **Defendants.**
_____/

### SECOND AMENDED FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF BY DEFAULT AGAINST <u>DEFENDANT JOEL I. WILSON</u>

This cause coming to be heard on Plaintiff Securities and Exchange Commission's ("Commission") Motion for Second Amended Final Judgment of Permanent Injunction and Other Relief by Default Against Defendant Joel I. Wilson ("Wilson"); the Court having considered Plaintiff's Complaint, Plaintiff's Motions, Plaintiff's Memorandum in Support of its Motion, and the evidence submitted in support thereof; the Court, being fully advised in the premises, finds:

    1.    That this Court has jurisdiction over the subject matter of this case and Defendant Wilson.

    2.    That Defendant Wilson, through his agents, servants, employees, attorneys, and those persons in active concert or participation with him, has engaged in transactions, acts, practices and courses of business which constitute violations of the federal securities laws. Specifically, Defendant Wilson has engaged in transactions, acts, practices and courses of business which constitute violations of Sections 5(a), 5(c), and 17(a) of the Securities Act of

1933 ("Securities Act") [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)], Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and Section 206(4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. § 80b-6(4)], and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8] and aided and abetted in the violations of Section 13(a) of the Exchange Act, [15 U.S.C. § 78m(a)], and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13].

3. That without an order permanently enjoining Defendant Wilson from violating the securities laws set forth herein, there is a substantial likelihood that Defendant Wilson will continue to violate the federal securities laws.

4. That it is necessary for Defendant Wilson to pay disgorgement, prejudgment interest, and a civil penalty in order to make his violations of the federal securities laws unprofitable and to deter future violations.

**I.**

**IT IS HEREBY ORDERED** that the Motions by Plaintiff Securities and Exchange Commission (ECF No. 75, No. 81 and No. 84) are GRANTED against Defendant Joel I. Wilson.

**II.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Second Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in the interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

### III.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Second Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

 (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Second Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

 (a) to employ any device, scheme, or artifice to defraud;

 (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

 (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**V.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Second Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 206(4) of the Advisers Act [15 U.S.C. § 80b-6(4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. 275.206(4)-8], while acting as investment advisers within the meaning of Section 202(11) of the Advisers Act [15 U.S.C. § 80b-2(11)], by use of the mails or any means or instrumentality of interstate commerce, directly or indirectly, to make any untrue statement of a material fact or to omit to state a material fact necessary to make the statements made, in light of the circumstances under which they are made, not misleading, to any investor or prospective investor in a pooled investment vehicle or otherwise engage in any act, practice, or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in the pooled investment vehicle.

**VI.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Second Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. §§ 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] by knowingly providing substantial assistance to an issuer that:

(a) fails to file with the Commission such information, documents, or annual, quarterly or periodic reports that the Commission may require or prescribe pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b) files with the Commission any information, document, or report, that contains any untrue statement of a material fact, omits any material information, or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c) fails to add or include, in addition to the information expressly required to be included in a statement or report, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading.

## VII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson and his agents, servants, employees, attorneys, and all persons in active concert or participation with him who receive actual notice of this Second Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, and 240.13a-13] through any other person, for whom they are control persons for purposes of Section 20(a) of the Exchange Act [15 U.S.C. § 78t(a)], who, directly or indirectly:

(a) fails to file with the Commission such information, documents, or annual, quarterly or periodic reports that the Commission may require or prescribe

       pursuant to Section 13(a) of the Exchange Act or any of the rules, regulations or forms promulgated thereunder; or

(b)    files with the Commission any information, document, or report, that contains any untrue statement of a material fact, omits any material information, or otherwise fails to comply with the provisions of Section 13(a) of the Exchange Act or any of the rules, regulations or forms thereunder; or

(c)    fails to add or include, in addition to the information expressly required to be included in a statement or report, such further material information as may be necessary to make the required statements, in the light of the circumstances under which they were made, not misleading

unless Defendant Wilson acts in good faith and does not directly or indirectly induce the act or acts constituting the violation.

## VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson and his agents, servants, employees, attorneys, and those persons in active concert or participation with him who receive actual notice of this Second Amended Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by signing personal certifications falsely stating that he has reviewed periodic reports containing financial statements which an issuer filed with the Commission pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, based on his knowledge,

(a)    these reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances

under which such statements were made, not misleading with respect to the period covered by the report; and

(b) that information contained in these reports fairly present, in all material respects, the financial condition and results of the issuer's operations.

## IX.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)] and Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant Wilson is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## X.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant Wilson is liable for disgorgement of $6,403,580, representing the ill-gotten gains as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $290,319, and a civil penalty in the amount of $7,500 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] , Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and Section 209(e) of the Investment Advisers Act [15 U.S.C. § 80b-9(e)]. Defendant Wilson shall satisfy his obligations to pay disgorgement of $6,403,580, prejudgment interest of $290,319, and a civil penalty of $7,500 for a total of $6,701,399 by paying $6,701,399 by certified check, bank cashier's check, or United States postal money order within thirty (30) days of the entry of this Judgment to the Court- Appointed Receiver ("Receiver"), Randall L. Frank, together with a cover letter identifying himself as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made

pursuant to this Second Amended Final Judgment. Defendant shall simultaneously transmit photocopies of such payment and letter to the SEC's counsel in this action. By making this payment, Defendant Wilson relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant Wilson. The Receiver shall deposit the funds into an interest bearing account. These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held by the Receiver until further order of the Court. The Commission and/or Receiver may propose a plan to distribute the Fund subject to the Court's approval.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 30 days following entry of this Second Amended Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## XI.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction of this matter for all purposes, including, but not limited to implementing and enforcing the terms of this Second Amended Final Judgment; and all other orders and decrees which may have been or may be entered in this case, and to granting such relief as this Court may deem necessary and just. Defendant Wilson's disgorgement and prejudgment interest obligations as ordered in this Second Amended Final Judgment will be offset by any amount recovered by the Receiver appointed in this matter.

Dated: July 26, 2013

                                          s/Thomas L. Ludington
                                          THOMAS L. LUDINGTON
                                          United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 26, 2013.

s/Tracy A. Jacobs
TRACY A. JACOBS