UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,                             Case No.: 12-cv-15062

v                                           Honorable Thomas L. Ludington

JOEL I. WILSON, et al,

        Defendants.
_____/

**MOTION OF COURT-APPOINTED RECEIVER,
RANDALL FRANK, TO PAY DISCOUNTED FEES OF LAMBERT LESER**

       NOW COMES the Court Appointed Receiver in this matter, Randall L. Frank, and submits the following request to the Court:

       1.       The Receivership in this matter was initiated after the SEC filed its Complaint against the Defendants. The Defendants apparently had raised in excess of $6,700,000.00 from numerous individuals with the promise that those individuals would receive a return on their investments. The Defendants used at least some of the money to purchase approximately 74 properties located in Bay County, Michigan, and Saginaw County, Michigan. In simple terms, this case was commenced by the SEC because the Defendants had failed to provide the promised investments and returns to the various investors and, ultimately, Joel I. Wilson, the primary person involved in the scheme, was convicted.

       2.       I was appointed as a Receiver to take control of the properties located in Bay County, Michigan, and Saginaw County, Michigan, personal property assets and bank accounts. When I took control of the properties, the properties were in substantial disrepair, numerous properties were either vacant and/or the tenants were refusing to pay rent and/or land contract payments, real property taxes were delinquent and utilities were delinquent. Consequently, I needed immediate legal representation to assist in navigating the myriad of legal

issues and management issues involved in managing, taking control of, disposing of and rehabilitating these properties. To assist in that effort, I retained the law firm of Lambert Leser.

3.      Lambert Leser is a law firm with offices in Bay City, Michigan and Troy, Michigan. Lambert Leser has substantial expertise in business matters, litigation, real estate matters, workouts, receiverships, restructures and bankruptcy matters. The expertise that Lambert Leser provided with regard to its real estate, business and restructuring was invaluable to my efforts in turning an estate with a negative cash flow and appeared to have an immediate potential of providing almost no recovery to an estate that allowed the claimants to receive payment of approximately 15% per allowed claim.

4.      From the moment that I was appointed, immediate and competent legal representation was necessary. For instance, the estate consisted of approximately 74 properties. However, there was not a complete list of properties that were subject to the receivership estate. Therefore, one of the many initial tasks performed or assisted by Lambert Leser was research regarding the Defendants in this matter, entities that those Defendants may have created to hold properties, transfers of properties by one or more of the Defendants and/or related entities or persons and confirming titleholder status.

5.      Lambert Leser also performed substantial review of the records that were located at the offices maintained by the Defendants to determine, among other things, what actions had been taken by the Defendants, who the employees and officers of the Defendants were, the status of the various parcels of property, including whether the parcels were leased and/or sold. In that regard, Lambert Leser reviewed real estate leases for the properties that were subject to leases and land contracts for the properties that were subject to land contracts, when such documents were available.

6.      Lambert Leser assisted me in determining critical issues, prioritizing issues and assisting in resolution of the issues. As stated above, some of the issues included the failure and/or refusal of tenants to pay rent and/or land contract payments, resolution of delinquent property taxes and resolution of issues with tenants that refused to pay. These issues, and more, were all of a critical nature at the appointment of the Receiver and

during the early phases of this matter. The issues were dire because a substantial number of tenants were not paying rent and land contract vendees, were not paying in accordance with the applicable land contracts. The issues with cash flow were compounded by high vacancy rates, the poor condition of many of the homes, the lack of proper permitting with the Cities of Bay City and Saginaw where the rental properties were located and the continual accrual of utilities and taxes. The estate was at risk of essentially being liquidated at a mass auction, which I believe would have resulted in essentially no distribution to the claimants.

7. Through my efforts, the efforts of Lambert Leser and the property management team, the houses were improved, permits were obtained, tenants and/or land contract vendees that failed and/or refused to pay rent either started paying rent or were removed from the properties, real property taxes were paid and vacant homes available for lease were re-leased. The estate then started to receive income that supported paying the expenses of the estate which allowed for a gradual liquidation of the properties, achieving a much higher value for the claimants.

8. Lambert Leser was involved in negotiations with related parties to Joel Wilson and Sterne Agee which aided in the recovery of additional assets. For instance, the account at Sterne Agee contained $51,767.36 and the estate was able to recover two properties transferred to insiders, without significant litigation, which yielded gross proceeds to the estate of $90,437.21.

9. Lambert Leser communicated with title companies and participated in the negotiation and drafting of purchase agreements and the preparation and review of closing documents for the sale of the homes. Lambert Leser also participated in the negotiation of deeds in lieu of foreclosure/forfeiture resulting in the recovery of property to the estate or the curing of deficiencies owed to the estate.

10. In the beginning phases of this matter, Lambert Leser drafted numerous landlord-tenant complaints seeking to either evict tenants that were not paying or compel tenants to begin paying rent. Lambert Leser appeared at hearings regarding those matters and responded to telephone calls with the various tenants and/or land contract vendees.

11.     While the estate had negative cash flow and inability to pay real estate taxes, it appeared that a bankruptcy filing may be necessary or prudent in order to wind up the affairs of the estate. In that regard, Lambert Leser provided substantial, invaluable advice regarding the bankruptcy process and procedure, the benefits and the negative attributes of a potential bankruptcy and filed paperwork with this Court seeking authority to file a bankruptcy if necessary. Ultimately, a bankruptcy filing was not necessary, but the counsel and advice was invaluable.

12.     Lambert Leser devoted substantial time to answering my questions and providing guidance throughout this case, as well as meeting with investors, taking telephone calls from creditors and investors regarding status of matters, possible resolutions of the matters and claims.

13.     Lambert Leser participated and negotiated in the sale of each property sold by the estate. Lambert Leser's involvement included negotiation of the terms of the purchase agreements, revisions to the proposed purchase agreements, review of closing documents, review and negotiation of closing statements and filing the necessary motions with the Court to obtain approval of the sales and taking care of publication of the various notices required to sell a parcel or parcels of property.

14.     Lambert Leser communicated with, consulted with and advised the property managers employed by the estate, regarding certain legal issues that arose during their property management, as well as questions Mr. Frank and Claimants had of the property managers and their fees.

15.     Lambert Leser participated in numerous telephone calls with tenants and with land contract vendees in the negotiation of the payment of rent and land contract payments, the turnover of space and in some cases, threats of lawsuits by tenants and land contract vendees against the estate for alleged breaches of the terms of alleged oral and/or written agreements that pre-existed the appointment of the Receiver. For instance, many of the tenants and land contract vendees asserted that they were promised repairs or improvements to their properties and/or credits for repairs or improvements that they performed to the properties. For instance, one tenant asserted that a furnace did not exist on the property, or was broken, and that he would be given credit if

he replaced the furnace. That tenant replaced the furnace and then threatened to remove the furnace upon his departure. Substantial numbers of calls of this nature were handled by Lambert Leser.

16. Lambert Leser kept me apprised of its discussion with the tenants and the vendees, provided counsel to me regarding responses and recommended courses of action.

17. Lambert Leser billed at an hourly rate of $350.00 per hour during the entire term of this matter and did not raise its hourly rates to reflect current hourly rates. Further, in discussions with Lambert Leser early on in this matter, we discussed concerns regarding fees, the ability of the estate to pay such fees and the losses incurred by the investors. Lambert Leser indicated that it would not charge for each and every call between the Receiver and the attorney, nor would it charge for calls with investors on a general basis. Instead, Lambert Leser indicated it would charge only for a portion of said calls. As a result, I was able to discuss matters with counsel without great concern that the discussion would result in substantial fees. This enabled me to more efficiently perform my duties because I had the benefit of being able to discuss even minor matters without concern that I was increasing the administrative burden upon the estate.

18. It is estimated by the Receiver that Lambert Leser has supplied at least $450,000.00 in fees and services to the estate since 2013. I am seeking authorization to pay Lambert Leser $250,000.00 and transfer the land contract and estate's interest in the remaining parcel of real property located at 1314 Hancock, Saginaw, Michigan. The current balance owing on the land contract is $24,000.00. The land contract requires monthly payments of principal and interest in the amount of $297.61. I believe a discounted value of the land contract of $14,400.00 is appropriate. I sent a letter to the claimants in this matter, offering to assign the land contract and estate's interest in the property for the same price and none of the claimants expressed interest. Attempts to find a buyer for the land contract have also been unsuccessful. The payments and transfer of the estate's interest in the property and land contract would be as complete and full payment of fees owed to Lambert Leser.

19. For the period of January 24, 2013, through November 30, 2019, the estate had gross receipts of $4,403.401.78 and disbursements of $3,843,338.12. See Summary of Cash

Receipts and Disbursements attached as Exhibit A. Approximately $2,289,000.00 was disbursed for property taxes, maintenance and repairs, management fees, insurance, fees, commissions and costs related to selling properties, inspections and appraisal fees, utilities and permits. $921,682.49 has been distributed to investors. The estate, as of November 30, 2019, had $581,126.13 in cash.

20. A settlement with Lambert Leser would provide savings of approximately $185,000.00. Lambert Leser did not require payment from the estate during the pendency of this matter and has not received payment from the estate for its fees. Lambert Leser's willingness to wait until the estate was ready to close also resulted in substantial benefit to the estate that should be recognized. If I had been required to pay Lambert Leser in the first two years of this estate, the result to the investors likely would have been substantially lower because substantial fees were incurred in the first two years of this matter due to all the investigations, review of documents, negotiations, etc. The relief that Lambert Leser provided enabled me to continue to rehabilitate the homes instead of being forced to liquidate in a time when the estate was generating a negative monthly operating income. Payment of fees to Lambert Leser during that time period would likely have been the matter that would have caused an auction or other quick liquidation of the assets.

21. I believe the fees are fair and reasonable, especially when viewed as a monthly fee. In essence, Lambert Leser charged the estate $3,150.00 per month for the extensive legal work and guidance it provided in this matter.

22. A review of the record in this case indicates that Lambert Leser attended and/or participated in 19 court hearings in this Court, drafted 36 motions with accompanying briefs and/or proposed orders, analyzed claims and drafted a claims report, drafted the claims procedure forms, drafted two supplemental briefs, 2 objections, 28 quarterly reports, more than 20 landlord-tenant complaints, 2 deed in lieu or foreclosure agreements, numerous items of correspondence, reviewed and revised purchase agreements selling the properties, drafted necessary closing documents on the sale of the properties, drafted various pieces of correspondence and memos to me. Further, obtaining the money from Sterne Agee without a setoff and

obtaining a transfer of the property from relatives of Mr. Wilson without substantial litigation provided revenue to the estate of $142,204.57.

23.     I believe that Lambert Leser has performed its services on behalf of the estate and the Receiver in a competent, thorough, professional and effective manner.

24.     The relief requested will allow me to make final distributions to the claimants and to close the receivership estate in the first quarter of 2020.

25.     Prior to negotiating this agreement, I discussed this matter with counsel for the SEC and the SEC had no objection to the payment arrangement as requested herein. I anticipate that the SEC will support the request.

WHEREFORE, for the reasons stated herein, the Receiver, Randall L. Frank, respectfully requests that this Honorable Court grant this Motion and allow me to pay Lambert Leser $250,000.00 and assign the estate's interest in the property located at 1314 Hancock, Saginaw, Michigan, which is subject to a land contract, as full and final satisfaction of fees incurred by Lambert Leser.

Dated: December 11, 2019              /s/ Randall L. Frank

                                      _____
                                      Randall L. Frank (P33189)
                                      U.S. District Court Receiver
                                      310 Davidson Building
                                      P.O. Box 2220
                                      Bay City, MI 48707
                                      Phone: (989) 893-2461
                                      randall.frank@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,                        Case No.: 12-cv-15062

v                                             Honorable Thomas L. Ludington

JOEL I. WILSON, et al,

        Defendants.

_____/

**BRIEF IN SUPPORT OF MOTION OF COURT-APPOINTED RECEIVER, RANDALL FRANK, TO PAY DISCOUNTED FEES OF LAMBERT LESER**

NOW COMES the Court Appointed Receiver in this matter, Randall L. Frank, and submits the following Brief in Support of his Motion of Court-Appointed Receiver, Randall Frank, To Pay Discounted Fees of Lambert Leser, and for his Brief states as follows:

I rely upon the facts and requests stated in the Motion for the purposes of this Brief.

WHEREFORE, for the reasons stated herein, the Receiver, Randall L. Frank, respectfully requests that this Honorable Court grant this Motion and allow me to pay Lambert Leser $250,000.00 and assign the estate's interest in the property located at 1314 Hancock, Saginaw, Michigan, which is subject to a land contract, as full and final satisfaction of fees incurred by Lambert Leser.

Dated: December 11, 2019                        /s/ Randall L. Frank

                                                                                 _____
                                                                                Randall L. Frank (P33189)
                                                                                U.S. District Court Receiver
                                                                                310 Davidson Building
                                                                                P.O. Box 2220
                                                                                Bay City, MI 48707
                                                                                Phone: (989) 893-2461
                                                                                randall.frank@gmail.com

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing instruments was served upon the attorneys of record of all parties to the above cause via e-service on December 11, 2019.

/s/ *Laurel J. Kenny*
Laurel J. Kenny

# EXHIBIT A

## SUMMARY OF CASH RECEIPTS AND DISBURSEMENTS
### JANUARY 24, 2013 THROUGH NOVEMBER 30, 2019

|  | TOTAL | % |
|---|---:|---:|
| **Cash Receipts** | | |
| Land Contract Payments: | $ 497,900.55 | 11.31% |
| Rental Payments: | 1,391,287.46 | 31.60% |
| Property Sales & Land Contract Pay Offs: | 2,145,068.89 | 48.71% |
| Security Deposits: | 65,613.00 | 1.49% |
| Insurance Refunds: | 40,966.69 | 0.93% |
| Interest Income: | 4,885.84 | 0.11% |
| Loan Proceeds 1st State Bank: | 184,751.41 | 4.20% |
| Sterne Agee Proceeds: | 55,014.43 | 1.25% |
| Other Misc Proceeds: | 17,913.51 | 0.41% |
| Total Cash Receipts | $ 4,403,401.78 | 100.00% |
| **Cash Disbursements** | | |
| Advertising | 10,312.96 | 0.23% |
| Accounting & Professional Fees | 126,951.00 | 2.88% |
| Court & Legal Fees | 95,078.79 | 2.16% |
| Distributions to Investors | 921,682.49 | 20.93% |
| Insurance - Business | 8,424.00 | 0.19% |
| Interest Expense | 27,718.74 | 0.63% |
| Loan Origination Fees | 14,098.85 | 0.32% |
| Office Expense | 24,647.21 | 0.56% |
| Permits & Licenses | 15,262.58 | 0.35% |
| Property Appraisal & Inspection Fees | 46,713.95 | 1.06% |
| Property Closing & Settlement Fees | 254,489.26 | 5.78% |
| Property Insurance Exp | 156,565.75 | 3.56% |
| Property Management Fees | 309,965.64 | 7.04% |
| Property Repairs & Maintenance | 566,056.22 | 12.85% |
| Property Taxes | 587,659.52 | 13.35% |
| Property Utilities | 150,128.75 | 3.41% |
| Receiver Fees | 294,496.00 | 6.69% |
| Rental Income Transfer | 1,670.34 | 0.04% |
| Repayment of Loan Proceeds | 184,751.41 | 4.20% |
| Security Deposit Refunds & Transfers | 30,236.65 | 0.69% |
| Title and Property Fees | 16,428.01 | 0.37% |
| Total Disbursements | $ 3,843,338.12 | 87.28% |
| **Net Cash Increase (Decrease)** | $ 560,063.66 | 12.72% |

**Reconciliation To Bank Accounts**

| | | |
|---|---:|---|
| Beginning Bank Balances Jan 24, 2013 | $ 21,062.47 | |
| Net Increase | 560,063.66 | |
| Ending Bank Balances Nov 30, 2019 | $ 581,126.13 | |