UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

   Plaintiff,          Case No. 1:12-cv-15062

v.                Honorable Thomas L. Ludington
                 United States District Judge
JOEL I. WILSON, DIVERSIFIED GROUP
PARTNERSHIP MANAGEMENT, LLC, and
AMERICAN REALTY FUNDS CORPORATION,

   Defendants.
_____/

**OPINION AND ORDER DENYING WITH PREJUDICE NONPARTY'S MOTION TO SET ASIDE DEFAULT AND DEFAULT JUDGMENT**

This matter is before this Court upon Mary Faher's Motion to Set Aside Default Judgment. As explained hereafter, the Motion will be denied with prejudice.

**I.**

In February 2013, the Clerk of the Court entered default against Defendant Joel I. Wilson in this civil securities case. ECF No. 52. In May 2013, a default judgment was entered against Wilson. ECF No. 75.

On January 24, 2023, Mary Faher filed a *pro se* motion to set aside a default judgment under Nevada Justice Court Rule of Civil Procedure 60. ECF No. 302.

**II.**

Faher's Motion will be denied for five reasons. First, Faher does not have standing to bring her Motion here—assuming she intended to seek relief under Federal Rule of Civil Procedure 60. She (1) is not a party to this case, (2) does not claim to be a legal representative of any party in this case, (3) does not claim to be in privity with any party in this case, (4) does not provide any

information on how a judgment from this case has directly or strongly affected her interests, and (5) does not raise a claim of fraud. *See Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 935-42 (6th Cir. 2013) (citations omitted). True, the Securities and Exchange Commission (SEC) "did institute an administrative proceeding against Ms. Faher," which she "settled . . . by agreeing to be barred from the securities industry." ECF No. 305 at PageID.3820–21 (citing *Faher*, Exchange Act Release No. 84271, Investment Advisors Act Release No. 5043, 2018 WL 4562833 (Sept. 24, 2018)). But that administrative proceeding is separate from this federal civil case, which the SEC brought against Joel I. Wilson and his companies. Similarly, Faher was convicted of four felony counts of securities fraud, Mich. Comp. Laws §§ 451.2501, 451.2508, in the Second Circuit Court of Berrien County. *Faher*, 2018 WL 4562833 (citing *People v. Faher*, No. 2014007836-FH (Mich. 2d Cir. Ct. Berrien Cnty. Mar. 12, 2015). There, she was sentenced to pay $2,593,400 in restitution and to serve 23–120 months in prison. *Id.* That criminal case is also separate from this civil case.

Second, the law that Faher cites does not apply in a federal civil-enforcement action brought by the SEC. Faher brought her motion under a Nevada court rule and cited cases from only Nevada state courts. *See generally* ECF No. 302 (first citing Nev. Justice Ct. R. Civ. P. 60(b)–(c); then citing *Kahn v. Orme*, 835 P.2d 790 (Nev. 1990) (per curiam); and then citing *Epstein v. Epstein*, 950 P.2d 771 (Nev. 1997) (per curiam)). But the "Federal Rules of Civil Procedure are the rules of practice which apply to civil actions in the federal courts, regardless of whether jurisdiction is based on federal question or diversity of citizenship." *Am. Copper & Brass, Inc. v. Lake City Indus. Prods.*, 757 F.3d 540, 546 (6th Cir. 2014) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 566 (6th Cir. 2001)).

Third, even if Nevada law applied here—it does not—Faher's Motion is procedurally improper because this is a district court, not a justice court. *Stock v. Deutsche Bank Tr. Co. Ams.*,

468 P.3d 381 (Nev. Ct. App. 2020) (unpublished table decision) ("As a preliminary matter, the district court properly looked to NRCP 60(b), as opposed to JCRCP 60(b), since the underlying proceeding was before the district court rather than the justice court." (citations omitted)).

Fourth, Faher's Motion would nevertheless lack merit under Nevada law. She "offers no explanation as to what evidence or witness testimony he would have presented in the underlying proceeding and how it would have overcome the evidence identified by the district court." *Stock*, 468 P.3d at 381 (citing *Edwards v. Emperor's Garden Rest.*, 130 P.3d 1280, 1288 n.38 (Nev. 2006) (per curiam)). *See generally* ECF No. 302.

Fifth, Faher's Motion seeks to set aside a default judgment that was not entered in this case. She seeks to set aside a default judgment "entered against [her] on 12/22/2020." ECF No. 302 at PageID.3812. But the only default judgment in this case was entered in 2013. *See* ECF Nos. 52; 75. Faith might be able to move mountains, *Matthew* 17:19 (Douay-Confraternity), but it cannot set aside a default judgment that does not exist, *cf.* Matthew N. Preston II, *The Tweet Test: Attributing Presidential Intent to Agency Action*, 10 BELMONT L. REV. 1, 41 (2022) (explaining that courts may set aside agency action only if it is procedurally or substantively improper).

For those five reasons, Faher's Motion will be denied with prejudice.

### III.

Accordingly, it is **ORDERED** that Mary Faher's Motion to Set Aside Default and Default Judgment, ECF No. 302, is **DENIED WITH PREJUDICE**.

Dated: February 9, 2023    s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge